# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-1358
_____

United States of America

*Plaintiff - Appellee*

v.

Tremayne Scoggins

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock
_____

Submitted: September 28, 2020
Filed: October 1, 2020
[Unpublished]
_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.
_____

PER CURIAM.

After considering a number of factors, the district court[1] decided not to reduce Tremayne Scoggins's 360-month prison sentence under the First Step Act. *See* Pub.

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

L. No. 115-391, 132 Stat. 5194 (2018).  Though he challenges the decision on a host of grounds, we affirm.

We conclude that the district court did not abuse its discretion.  *See United States v. McDonald*, 944 F.3d 769, 771–72 (8th Cir. 2019) (discussing the standard of review and outlining the two-step analysis for motions under the First Step Act). The First Step Act did not require the court to reduce Scoggins's sentence, even if he was eligible.  § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").  And the court did more than enough by considering the statutory sentencing factors before making a decision.  *See* 18 U.S.C. § 3553(a); *United States v. Moore*, 963 F.3d 725, 727 (8th Cir. 2020) (explaining that, in reviewing a First Step Act motion, "a district court may, but need not, consider the section 3553 factors").

Scoggins's remaining arguments fare no better.  He was not entitled to a plenary resentencing hearing, nor can he now challenge his original sentence.  *See Moore*, 963 F.3d at 728 (explaining how motions under the First Step Act are different from "original, plenary sentencing" proceedings); *United States v. Williams*, 943 F.3d 841, 843–44 (8th Cir. 2019) (holding that district courts need not hold hearings on these motions); *see also United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020) (refusing to entertain an attack on the original sentence in one of these motions).

We accordingly affirm the judgment of the district court and grant counsel permission to withdraw.

_____